CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAR 13 2018

JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| CHERYL A. DILLON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:16-cv-00042 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| NANCY A. BERRYHILL, | ) | By: Hon. Jackson L. Kiser |
| Acting Commissioner, | ) | Senior United States District Judge |
| | ) | |
| Defendant. | ) | |

Before me is the Report and Recommendation ("R&R") of the United States Magistrate Judge recommending that I grant the Commissioner's Motion for Summary Judgment [ECF No. 17]. The R&R was filed on December 8, 2017 [ECF No. 21], and Plaintiff Cheryl A. Dillon filed objections on December 21 [ECF No. 22]. The Commissioner responded [ECF No. 23], and the matter is now ripe for review. See Fed. R. Civ. P. 72(b). After careful review and consideration, and for the reasons stated below, I will overrule Plaintiff's objections and grant the Commissioner's Motion for Summary Judgment.

I.  **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On August 9, 2012, Plaintiff filed an application for supplemental security income pursuant to Title XVI of the Social Security Act. See 42 U.S.C. §§ 1381–1383f (2016). (R. 153–161.) In her application, Plaintiff alleged that she had been disabled since May 1, 2007, due to a combination of fibromyalgia, chronic migraines, type 2 diabetes, sleeping problems, irritable bowel syndrome, acid reflux, anxiety, a protruding disc in her neck, and short term memory loss. (See, e.g., R. 62.) The Commissioner denied Plaintiff's claims initially on January 9, 2013, and again upon reconsideration on September 23, 2013. (See R. 62–84.)

On December 22, 2014, Plaintiff appeared with her attorney before Administrative Law Judge Mary Peltzer ("the ALJ"). (R. 30–61.) Both Plaintiff and a vocational expert, Andrew Bale, testified. (Id.) In a written decision dated February 3, 2015, the ALJ determined that Plaintiff was not disabled within the meaning of the Act. (See generally R. 14–25.) She found that Plaintiff suffered from "fibromyalgia, trochanteric bursitis, plantar fasciitis, and obesity," all of which qualified as serious impairments. (R. 16 (citing 20 C.F.R. § 416.920(c)).) The ALJ found that Plaintiff did not have an impairment or combination or impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 18 (citing 20 C.F.R. §§ 416.920(d), 416.925, 416.926).)

After consideration of the entire Record, the ALJ concluded that Plaintiff has the residual functional capacity to perform sedentary work as defined in 20 C.F.R. § 416.967(a), with some limitations. (See R. 18–23.) Although the ALJ determined that Plaintiff was not capable of performing past relevant work, she did determine that Plaintiff would be able to perform jobs that exist in significant numbers in the national economy, such as inspector and assembler. (R. 23–24 (citing 20 C.F.R. §§ 416.969 and 419.969(a).) Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act. (R. 24.) The Appeals Council denied Plaintiff's request for review, and the decision of the ALJ became the final decision of the Commissioner on July 8, 2016. (R. 1–3.)

On August 17, 2016, Plaintiff filed suit in this Court to challenge the final decision of the Commissioner. (Compl. [ECF No. 2].) Pursuant to 28 U.S.C. § 636(b)(1)(B), I referred the case to the United States Magistrate Judge for consideration. The parties filed cross motions for summary judgment. (See Pl.'s Mot. Summ. J., Feb. 17, 2017 [ECF No. 15]; Def.'s Mot. Summ. J., Mar. 20, 2017 [ECF No. 17].) On December 8, 2017, Judge Hoppe filed his Report and

Recommendation ("R&R"), recommending that I grant the Commissioner's motion for summary judgment and affirm the decision of the Commissioner. (R&R, Dec. 8, 2017 [ECF No. 21].) On December 21, Plaintiff filed her objections to the R&R. (Pl.'s Obj., Dec. 21, 2017 [ECF No. 22].) The Commissioner responded [ECF No. 23], so the matter is ripe for review.

II. **STANDARD OF REVIEW**

Congress has limited the judicial review I may exercise over decisions of the Social Security Commissioner. I am required to uphold the decision where: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. See 42 U.S.C. § 405(g) (2014); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). The Fourth Circuit has long defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In other words, the substantial evidence standard is satisfied by producing more than a scintilla but less than a preponderance of the evidence. Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545 (2014); see Shively v. Heckler, 739 F.2d 987, 990 (4th Cir. 1984) (noting that it is the role of the ALJ, not the vocational expert, to determine disability). The Regulations grant the Commissioner latitude in resolving factual inconsistencies that may arise during the evaluation of the evidence. 20 C.F.R. §§ 404.1527, 416.927 (2014). Unless the decision lacks substantial evidence to support it, the ultimate determination of whether a claimant is disabled is for the ALJ and the Commissioner. See id. §§ 404.1527(e), 416.927(e); Walker v. Bowen, 834

F.2d 635, 640 (7th Cir. 1987). If the ALJ's resolution of the conflicts in the evidence is supported by substantial evidence, then I must affirm the Commissioner's final decision. Laws, 368 F.2d at 642. In reviewing the evidence, I must not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [my] judgment for that of the Secretary," Mastro, 270 F.3d at 176 (quoting Craig, 76 F.3d at 589), or the secretary's designate, the ALJ, Craig, 76 F.3d at 589 (quoting Walker, 834 F.2d at 640).

### III. DISCUSSION

Plaintiff makes two primary objections. First, she contends Magistrate Judge Hoppe erroneously concluded that the ALJ's discussion of her reasons for discounting Plaintiff's statements about her pain and overall symptoms was sufficient. Second, she argues the Magistrate Judge erred in finding that the ALJ's consideration of Dr. Lemmer's opinion was proper. Neither objection withstands scrutiny.

Plaintiff first maintains that, although the Magistrate Judge acknowledged that "the ALJ arguably overstated the conservative nature of Dillon's treatment during [a] seven-month period," the Magistrate Judge erroneously concluded that the ALJ's observation was accurate as to the bulk of Plaintiff's treatment. She argues that the ALJ did not "distinguish between the treatment [P]laintiff received for her fibromyalgia versus the treatment she received for her other severe impairments or trochanteric bursitis and plantar fasciitis." Her citations to the ALJ's opinion, specifically page 16, offer no guidance as to the underlying substance of her objection.

She apparently takes issue with the fact that the ALJ considered her entire treatment history in concluding that her treatment has been "relatively routine and conservative overall." (R. 22.) When reviewing the ALJ's decision as a whole, however, it is clear that she made the appropriate delineation between Plaintiff's treatment for fibromyalgia and her treatment for other

complaints. In her discussion of Plaintiff's "suspected fibromyalgia," the ALJ traced Plaintiff's treatment for that condition, detailing her appointments with both Dr. Kramer and Dr. Lemmer. (See R. 20–21.) In reviewing the ALJ's *whole* opinion, the Record evidences substantial evidence for the ALJ's conclusion.

Plaintiff next argues that there is "no indication as to why [P]laintiff declined referral to a pain management and therefore, it is improper for the ALJ to assert that the only reason [P]laintiff declined a referral was because [she] did not want additional treatment and that her conditions were not severe enough to pursue other options." The law is well-settled that a failure to follow through on a suggested course of treatment leads "at least to the inference that there was no significant pain." Hunter v. Sullivan, 993 F.2d 31, 36 (4th Cir. 1992); see also Dover v. Bowen, 784 F.2d 335, 337 (8th Cir. 1986) (noting that it is "permissible in assessing the severity of pain for an ALJ to consider a claimant's medical treatment and medications"). Obviously this inference is not permissible where treatment is declined for some other legitimate reason, see, e.g., Lovejoy v. Heckler, 790 F.2d 1114, 1117 (4th Cir. 1986) (poverty), but Plaintiff has failed to point to any evidence in the Record to explain why she chose not to pursue more in-depth treatment. In fact, in her objection, she confirms her failure, stating that there is "no indication" why she failed to pursue that treatment option. Accordingly, the Commissioner carried his burden and Plaintiff failed to contest that evidence in any way.

Plaintiff next contends that the ALJ erred in assigning any weight to Plaintiff's failure to report fatigue, musculoskeletal symptoms, or neurological symptoms to her treating physician, Dr. Kramer. She says that she consistently complained of all-over pain to her rheumatologist, Dr. Lemmer, and that she did not discuss her fibromyalgia-related pains with Dr. Kramer again until she ceased her treating relationship with Dr. Lemmer. She fails to articulate, however, how

she was able to differentiate her fibromyalgia-related pain from other pain, such as the "neck pain radiating down" her right arm that she complained about on February 22, 2013, to Dr. Kramer. (R. 317.) Or the "lower back pain" she complained of on January 22, 2013, to Dr. Kramer. (R. 313.) Or the "left side jaw and head pain accompanied by ear pain and dizziness" she complained about to Dr. Kramer on May 21, 2013. (R. 308.) In other words, the Record contradicts Plaintiff's argument, and the ALJ's decision is supported by substantial evidence.

In sum, none of the arguments in support of Plaintiff's first objection withstands scrutiny, and the objection will therefore be overruled.

Plaintiff's second objection concerns the ALJ's treatment of Dr. Lemmer's opinion. Plaintiff argues that the Magistrate Judge erred in concluding that other evidence in the Record supported the ALJ's admittedly flawed decision.

No one seems to contest that the ALJ got "things backward" when she concluded that Dr. Lemmer's opinion was probative to the extent it was consistent with Plaintiff's residual functional capacity. See Mascio v. Colvin, 780 F.3d 632, 639 (4th Cir. 2015). And while a treating physician's opinion is typically entitled to "controlling weight if it is well-supported by medically accepted clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record," Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001), a treating physician's opinion may be discounted if there is "persuasive contrary evidence" in the record, Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006).

Here, substantial evidence supports the ALJ's conclusion that Dr. Lemmer's opinion regarding Plaintiff's limitations is at odds with the medical evidence. Although Plaintiff feels that the ALJ did not adequately discuss why she discounted Dr. Lemmer's opinion, I believe the Record adequately discloses the reasons for the ALJ's conclusion.

The ALJ expressly stated that Dr. Lemmer's opinion regarding Plaintiff's "overall degree of limitations" was given "limited weight" because it was "inconsistent with the longitudinal evidence of record as a whole, to include the treatment records." (R. 23.) The ALJ expressly referenced Dr. Lemmer's opinion regarding Plaintiff's manipulative limitations, but concluded they were inconsistent with the medical evidence. She thoroughly reviewed Plaintiff's medical history, including her treatment with Dr. Lemmer. What is apparent, if not expressly stated by the ALJ, is that Dr. Lemmer's opinion did not contain any reference to specific treatment records. (See R. 289.) When asked, "What medical/clinical findings support your conclusions?" he responded: "Pain/fatigue." That is insufficient to support a medical determination. See Craig v. Chater, 76 F.3d 585, 590 n.2 (4th Cir. 1996).

Additionally, some of Dr. Lemmer's opinions concerned areas which the medical records reveal had been adequately treated. For example, he limited Plaintiff to reaching in all directions and pushing and pulling with the upper extremities. (See R. 289.) Yet Plaintiff received injections to relieve pain in her neck, arms, and shoulders for approximately seven months, and then did not complain of pain in those regions again. (See, e.g., R. 268, 277–80, 319.)

Most telling, however, is that Dr. Lemmer limited Plaintiff in ways she expressly disclaimed. Although Dr. Lemmer opined that Plaintiff was occasionally limited in fingering and manipulating, Plaintiff did not assert that she had *any* problems "using [her] hands." (R. 193.)

When reviewing the Record as a whole, substantial evidence supports the ALJ's determination. Although Plaintiff disagrees, she has failed to cite to any medical records or clinical findings to support Dr. Lemmer's conclusions.

## IV. CONCLUSION

The ALJ's determination is support by substantial evidence. The question at this stage is not whether I would reach a different determination, but whether the ALJ did her job sufficiently. On the Record before me, she did, and the Commissioner's motion for summary judgment will be granted.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to all counsel of record as well as to Magistrate Judge Hoppe.

ENTERED this 13th day of March, 2018.

s/Jackson L. Kiser<br>
SENIOR UNITED STATES DISTRICT JUDGE